Brian RITCHIE, Plaintiff,

v.

Gordon GANO, individually and d/b/a/ Gorno Music Publishing (ASCAP), Defendant.

No. 07 Civ. 7269 (VM).

United States District Court, S.D. New York.

Dec. 20, 2010.

Emilio B. Nicolas, Lawrence A. Waks, Stacy Allen, Jackson Walker L.L.P, Austin, TX, for Plaintiff.

Robert Stephen Meloni, Meloni & McCaffrey, P.C., New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiff Brian Ritchie ("Ritchie"), bassist of the now-defunct band the Violent Femmes (the "Band"), brought this action against defendant Gordon Gano ("Gano"), the Band's former guitarist and songwriter. Ritchie alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and Lanham Act, 15 U.S.C. § 1051 *et seq.*, which covers trademarks, as well as numerous state and common law claims.

By Stipulation and Order of Partial Consent Judgment dated November 17, 2009, Ritchie and Gano dismissed almost all of the claims in Ritchie's complaint, including the copyright and trademark claims, on the merits with prejudice. By Stipulation and Order of Dismissal dated July 9, 2010, the parties agreed to dismiss the remaining claims on the merits with prejudice. The agreement specifically preserved the right of both parties to move for attorneys' fees and costs. By motion dated July 30, 2010, Gano moved for attorneys' fees and costs.

By Order dated November 24, 2010 (the "November Order") the Court denied Gano's attorneys' fees motion without prejudice. The Court found that an attorneys' fees award is warranted in this case, but that Gano provided insufficient information for the Court to determine the amount of fees to award. The Court thus directed Gano to renew his motion, and to include sufficient information indicating which attorneys' fees expenditures specifically related to the defense of the copyright and trademark claims. By motion dated December 14, 2010, Gano renewed his motion

for attorneys' fees and costs, and now requests the following:

(1) $313,287 in attorneys' fees for defense of the copyright and trademark claims, which he divides into $122,317 for time spent solely on the copyright and trademark issues, plus $190,970 on issues Gano states are inextricably linked to the copyright and trademark issues;

(2) $66,383 in attorneys' fees for work done on the motion for attorneys' fees; and

(3) $12,568 in costs.

For the reasons listed below, the motion is GRANTED in part and DENIED in part.

## II. *LEGAL STANDARD*

Having determined in the November Order that Gano is entitled to an award of attorneys' fees, the Court now needs only to determine whether the amount of attorneys' fees requested is reasonable. *See Pearson Educ., Inc. v. Vergara*, 09 Civ. 6832, 2010 WL 3744033, at \*5–6 (S.D.N.Y. Sept. 27, 2010). "Courts have wide latitude in determining what constitutes reasonable attorneys' fees." *Jung v. Neschis*, 01 Civ. 6993, 2008 WL 2414310, at \*2 (S.D.N.Y. June 13, 2008) (internal citations omitted).

■ To determine the amount of an attorneys' fees award, courts in the Second Circuit multiply the reasonable hourly rate by the number of hours reasonably expended by counsel. *See Pearson*, 2010 WL 3744033, at \*5 (*citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008)). When seeking an attorneys' fees award from a district court, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ To decide whether the number of hours expended was reasonable, a court excludes those documented hours which are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A court may also decrease the requested award because of "vagueness, inconsistencies, and other deficiencies in the billing records." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In the instance where a court has directed parties to parse out records to clearly state how much time the attorneys spent on each claim, and the parties have done so insufficiently and have referred to an unrealistic volume of hours as "inextricably intertwined" with many claims, the court may also decrease the requested award amount. *See id.* To reduce the award appropriately, a "court has discretion simply to deduct a reasonable percentage of the number of hours claimed." *Id.*

## III. *DISCUSSION*

■ Gano has not, as he is required to do, provide information detailing the standard hourly rates charged by attorneys with like experience and skill. *See Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541. However, the Court finds that the rates charged by Gano's attorneys—$475 to $525 per hour for two partners with over twenty years of experience—are reasonable in light of the rates normally charged for such work in this district. *See, e.g., Diplomatic Man, Inc. v. Brown*, No. 05 Civ. 9069, 2007 WL 2827125, at \*2 (S.D.N.Y. Sept. 28, 2007) (awarding $440 per hour to partners in New York); *Diplomatic Man*,

*Inc. v. Nike, Inc.,* No. 08 Civ. 139, 2009 WL 935674, at *5 (S.D.N.Y. April 7, 2009) (awarding $650 per hour to partners in New York).

■ As previously discussed in the November Order, the Court finds that the parties engaged in an unnecessarily prolonged litigation. Accordingly, the Court finds that an expenditure of over 800 hours of attorney time, as submitted by Gano, is unreasonably high. Additionally, the Court finds that Gano lists certain attorney hours in a manner that makes it impossible for the Court to determine whether such work was actually focused on, or inextricably linked to, the copyright and trademark claims, or whether Gano wrongly[1] or excessively[2] attributed those hours to work on the copyright and trademark claims. Because of the vagueness of many of the entries, it is unclear whether all of the hours Gano reports as related to the copyright and trademark claims were actually spent working only on these claims. Because of this ambiguity, the Court reduces Gano's award of attorneys' fees for

this claim by forty percent, yielding an award of $187,792. *See Kirsch,* 148 F.3d at 172–73 (upholding the district court's judgment to decrease an attorneys' fees award by fifty percent because the parties insufficiently parsed out the time spent on different claims and therefore made an excessive fees request, and to decrease the award a further twenty percent because the time entries submitted were vague and inconsistent).

The Court finds that an award of attorneys' fees for work performed on the attorneys' fees motion is reasonable in this case. *See Crown Awards, Inc. v. Discount Trophy & Co., Inc.,* 564 F.Supp.2d 290, 297 (S.D.N.Y.2008) (awarding attorneys' fees for work done on the attorneys' fees motion itself). However, the Court finds that the hours spent litigating the attorneys' fees motion were excessive because, had Gano correctly parsed out the hours spent solely on the copyright and trademark claims in the first instance, the supplemental motion would have been unnecessary. Thus, the Court decreases the award for

1. For example, it appears that Gano included research related to Texas libel and tortious interference claims in the list of time entries that Gano purportedly states are exclusively related to the copyright and trademark issues. Because this research appears unrelated to federal copyright or trademark law, the Court finds that there is insufficient information for the Court to determine whether Gano incorrectly listed this entry, or whether it is actually related to the copyright and trademark claims.

2. For example, in the list provided by Gano that corresponds to those time entries he states are exclusively related to the copyright and trademark issues, he notes that his attorneys spent approximately 180 hours researching, writing, and drafting Gano's summary judgment motion. Because Gano filed the summary judgment motion *after* the dismissal of the copyright and trademark claims, the motion did not address those claims whatsoever. While the Court acknowledges that

Gano's attorneys conducted some research on the copyright and trademark claims related to the summary judgment motion, the voluminous hours Gano lists here appear overstated. Additionally, the Court compared Gano's original motion for attorneys' fees to the parsed list Gano now submits. The Court finds that the hours Gano now lists as exclusively spent on the copyright and trademark issues for the summary judgment motion constitute nearly the total number of hours Gano's attorneys billed for drafting the summary judgment motion as a whole between May 5, 2009 and November 17, 2009, when the copyright and trademark claims were dismissed. Lastly, some of the hours listed in Gano's current application were not listed in his original motion. The Court finds that it is unlikely that Gano's attorneys spent the better part of eight months researching and writing exclusively on copyright and trademark issues, and that Gano likely excessively attributed some unrelated work as related to the copyright and trademark claims.

attorneys' fees by fifteen percent, yielding an award of $56,426. The Court finds that an award of costs of $12,568, as requested by Gano, is appropriate in this case.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that motion of defendant Gordon Gano ("Gano") (Docket No. 98) for an award of attorneys' fees in connection with this action is GRANTED in part and DENIED in part, and it is further

**ORDERED** that plaintiff Brian Ritchie ("Ritchie") is directed to pay attorneys' fees and costs in the amount of $256,966 to Gano.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**