10-2157-cv
*Konits v. Karahalis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT: RALPH K. WINTER,
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

CAROL KONITS,
            *Plaintiff-Appellant*,

-v.-                                                    No. 10-2157-cv

DEAN KARAHALIS, individually and as District Coordinator,
            *Defendant-Appellee*,

VALLEY STREAM CENTRAL HIGH SCHOOL DISTRICT, BOARD OF EDUCATION OF THE VALLEY, RONALD D. VALENTI, individually and as District Superintendent, ROBERT E. KAUFOLD, individually and as Principal of Memorial Junior High School, GRACE KERR, individually and as Chairperson,
            *Defendants*.*

_____

                    DENNIS A. BENGELS, Law Office of Dennis A. Bengels, Garden City, New York (Sharon Konits, Plainview, New York, *on the brief*), *for Plaintiff-Appellant*.

_____

* The Clerk of the Court is directed to amend the official caption as set forth above.

CHRISTOPHER J. SOVEROW (Lewis A. Silverman, *on the brief*), Rutherford & Christie LLP, New York, New York, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Carol Konits ("Konits" or "Plaintiff") obtained a favorable jury verdict against defendant Dean Karahalis ("Karahalis") on her claim of retaliation in violation of the First Amendment, brought pursuant to 42 U.S.C. § 1983. Konits's other claims, however—for violation of her rights to equal protection and due process, as well as for claims under New York state law—were dismissed prior to trial, and the jury did not find in her favor as to her First Amendment retaliation claim against any of the other defendants against whom she brought suit (including the Valley Stream Central High School District, its Board of Education, and Valley Stream Central High School administrators Robert D. Vilante, Robert E. Kaufold, and Grace Kerr, each in their individual and official capacities). Following the judgment, Konits moved for an award of attorneys' fees as a prevailing party pursuant to 42 U.S.C. § 1988. Konits now appeals from a May 19, 2010, order of the United States District Court for the Eastern District of New York (Wexler, *J.*), awarding her attorneys, Dennis A. Bengels ("Bengels") and Sharon C. Konits ("Sharon Konits"), $500,123 in fees. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's award of attorneys' fees for abuse of discretion, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), which "occurs when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual

finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (internal quotation marks omitted). Moreover, "'abuse of discretion'—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions," *Goldberger*, 209 F.3d at 47, since "the district court, which is intimately familiar with the nuances of the case, is in a far better position . . . than is an appellate court, which must work from a cold record," *In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam). We defer to the discretion of the district court here even though it had limited involvement in the case, although we pay particular attention to its explanation of fee reductions related to proceedings over which it did not preside. In any event, "the question before us is not whether we would have awarded a different fee, but rather whether the district court abused its discretion in awarding this fee." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008).

## I. Reduction for Limited Success

First, Konits asserts that the district court erred in imposing a 25% reduction for her limited success, in that she prevailed against only one of the six defendants against whom she brought suit. "Although full fees may be awarded to a partially prevailing plaintiff when the underlying claims" on which that plaintiff did not succeed "are intertwined" with the claims on which the plaintiff did succeed, "the court retains substantial discretion to take into account the specific procedural history and facts of each case." *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004). "[T]he most critical factor in a district court's determination of what constitutes a reasonable attorney's fee in a given case is

3

the degree of success obtained by the plaintiff." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks omitted). As the Supreme Court has recognized, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," which may "be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Furthermore, we have held that a district court, in reviewing a fee application, should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the calculation of the reasonable fee. *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). Finally, we are mindful of the Supreme Court's observation that in many civil rights cases "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories, . . . making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Since "[s]uch a lawsuit cannot be viewed as a series of discrete claims, . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended." *Id.*

On the basis of the record presented, we locate no error in the district court's decision to impose a 25% reduction based on Konits's limited success. The district court considered, and rejected, Konits's assertion that her lack of success was attributable to "constraints placed by the Court" regarding the number of trial days to be devoted to the matter, noting that "she did not withdraw her claims against the other defendants." *Konits v. Valley Stream Cent. High Sch. Dist.*, No. CV-01-6763(LDW), 2010 WL 2076949, at *3 (E.D.N.Y. May 19, 2010). The court found,

4

moreover, that "[a]lthough [Konits] maintains that all of the defendants were united in interest, the jury's finding in favor of the other individual defendants demonstrates otherwise, and was supported by trial testimony and other evidence reflecting distinctions in defendants' conduct." *Id.* Under these circumstances, the district court did not abuse its broad discretion by imposing a reduction to reflect Konits's limited success. *Cf. Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003) ("Plaintiff initially sued several defendants, but prevailed against only one . . . . A discretionary reduction to reflect that kind of limited success is appropriate."); *see also Barfield*, 537 F.3d at 152 ("A district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims," but rather, "[b]oth the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." (internal quotation marks omitted)). Nor do we locate error in the district court's imposition of a percentage reduction, rather than disallowance of specific billing entries. The court's decision in this regard was appropriately based on its conclusion that, since Plaintiff's billing entries did not "differentiate the hours spent in pursuing this action against Karahalis from those hours spent on the other defendants," it could not "make a specific, calculated reduction for success against only one of several defendants." *Konits*, 2010 WL 2076949, at *3; *see Hensley*, 461 U.S. at 436-37 (noting district court's discretion to "attempt to identify specific hours that should be eliminated, or [to] . . . simply reduce the award to account for the limited success.").

## II. The Appropriate Hourly Rate

Next, Konits contends that the district court erred in its determination of the appropriate

hourly rate for Bengels and Sharon Konits. In sum, she asserts that the district court "used historical rates going back to the year 2000" in determining the prevailing market rate for attorneys of like skill and experience in the Eastern District, "rather than current hourly rates." Appellant's Br. 26. Attorneys' fees are determined in this Circuit by reference to the "presumptively reasonable fee," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), which "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively," *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted). In "asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services." *Arbor Hill*, 522 F.3d at 192.

The district court should, accordingly, "assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended to reach the presumptively reasonable fee. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). These case-specific considerations include, "among others, the *Johnson* factors." *Arbor Hill*, 522 F.3d at 190; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors for consideration in awarding attorneys' fees), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989). In considering these case-specific factors, the district court should attempt to approximate "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

Reviewing recent Eastern District cases awarding attorneys' fees, the district court concluded

that "[c]ourts have found that the prevailing rates for experienced attorneys in Eastern District of New York cases range from approximately $300-400 per hour." *Konits*, 2010 WL 2076949, at *2; *see also Simmons*, 575 F.3d at 174 ("According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (internal quotation marks omitted)). The district court did not abuse its discretion in reaching this conclusion, which is amply supported by recent Eastern District cases assessing the prevailing rate in that district. *See, e.g.*, *Trs. of the Local 813 I.B.T. Ins. Trust Fund v. Sprint Recycling, Inc.*, No. 09-CV-04435(FB)(RER), 2010 WL 3613839, at *4 (E.D.N.Y. Aug. 6, 2010) (noting that "[i]n the Eastern District of New York, reasonable hourly rates for attorneys have ranged from $200 to $350 an hour for partners"); *Blue v. Finest Guard Servs., Inc.*, No. 09-CV 133(ARR), 2010 WL 2927398, at *15 (E.D.N.Y. June 24, 2010) ("After *Simmons*, rates of $300 to $400 per hour for partners have been considered reasonable in the Eastern District."), *adopted by* 2010 WL 2927403 (E.D.N.Y. July 19, 2010); *Melnick v. Press*, No. 06-CV-6686(JFB)(ARL), 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (exhaustive survey of Eastern District case law by Judge Bianco, leading to the conclusion that "recent cases in this District indicate[] that the range of appropriate billing rates is $200-$375 for partners").

Moreover, the district court properly referenced case-specific factors in its determination of an appropriate rate, noting that "[i]n determining th[at] rate," it was to "consider such factors as those identified in *Johnson*." *Konits*, 2010 WL 2076949, at *2. The court expressly addressed counsels' performance, finding it "adequate" and "competent" but generally "not exceptional." *Id.* It observed that "[w]hile the issues in this action may not have been difficult, they were to some extent novel," a fact that "[p]resumably . . . would have made the case less desirable." *Id.* "On the

7

other hand," the court noted, "the timing demands posed by the litigation were not substantial," and "[t]he litigation was not expedited," nor did "the client or circumstances impose[] any significant time constraints or unusual burdens." *Id.* Under these circumstances, the district court did not abuse its discretion in settling on a rate of $350 per hour for Bengels and $300 per hour for Sharon Konits, both within the prevailing range of rates for attorneys of like skill and experience in the Eastern District. *Cf. In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (noting that "[w]e cannot reverse a district court's finding[s] . . . merely because we might have weighed the information in the fee petitions differently").

### III. Sanctions

Finally, Appellee requests that we impose sanctions against Konits's attorneys, arguing that "[t]his case is the archetypal example of an attorney pursuing unjust enrichment via attorneys' fees in contravention of the purposes of Section 1988." Appellee's Br. 27. We decline to do so here.

First, though Appellee requests sanctions pursuant to Federal Rule of Appellate Procedure 38, that rule expressly provides that a court of appeals may sanction an attorney based on the frivolousness of an appeal only "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R. App. P. 38. Since neither has occurred here, we decline to impose sanctions pursuant to Rule 38. *See Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir. 2003) (per curiam) ("Rule 38 provides that a court of appeals may make a determination of frivolousness and impose costs only after a separately filed motion or notice from the court. Since neither of those measures has been taken in this case, we deny [Appellee's] motion under Rule 38." (internal quotation marks omitted)); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz*

*Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (same).

While we might also sanction Konits's attorneys pursuant to 28 U.S.C. § 1927, which provides for sanctions against one "who so multiples the proceedings in any case unreasonably and vexatiously," we have held that "[s]anctions may be imposed . . . [pursuant to § 1927] 'only when there is a finding of conduct constituting or akin to bad faith.'" *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (quoting *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997)). Accordingly, "[w]e have held that an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). With regard to the only matter before this Court—the instant appeal—we conclude that while it lacks merit, there is not a sufficient basis on this record to support a conclusion that it was brought in bad faith.

While we are mindful of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, and that extended litigation over attorneys' fees "must be one of the least socially productive types of litigation imaginable," *id.* at 442, the better course in this case is for the district court to address the question of sanctions in the first instance, as there is, in fact, a Rule 11 motion for sanctions currently pending before that court. This is particularly so since much of the conduct argued by Appellee to be sanctionable was manifested in filings in the district court. *Cf. Barr Labs., Inc. v. Abbott Labs.*, 867 F.2d 743, 748 (2d Cir. 1989), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[A]pplications for Rule 11 sanctions must be made in the court where the offending papers are filed, since the abusive conduct is determined as of the time of filing."). Accordingly, while we

9

decline to sanction Konits's attorneys as to their conduct of the present appeal, we note, without expressing any view on the merits, that the district court remains free, within the exercise of its discretion, to impose sanctions based on counsels' course of conduct before it.

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk