12-3545-cv
Francois v. Mazer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

Present:
       CHESTER J. STRAUB,
       PETER W. HALL,
       DENNY CHIN,
               *Circuit Judges,*

_____

PATRICIA FRANCOIS,

       *Plaintiff-Counter-Defendant-Appellee*,

v.                                              No. 12-3545-cv

MATTHEW MAZER, SHERYL SHADE,

       *Defendants-Counter-Claimants-Appellants*.

_____

FOR APPELLANTS:        GEORGE DAVID ROSENBAUM, Rosenbaum & Rosenbaum, PC, New York, NY.

FOR APPELLEE:          JASON W. MYATT (Jennifer H. Rearden, Adam H. Offenhartz, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY.

_____

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendants-Appellants Matthew Mazer and Sheryl Shade appeal from a supplemental judgment of the United States District Court for the Southern District of New York (Forrest, *J*.) awarding attorney's fees and costs totaling $72,969.70 to Plaintiff-Appellee, Patricia Francois, after Francois received a favorable jury verdict following a trial on her claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We assume the parties' familiarity with the facts and procedural history of the case.

Beginning on June 4, 2012, a jury trial was held on plaintiff's claims based on FLSA, NYLL, contract, and tort—assault and battery—and on defendant Mazer's counterclaims for assault and battery. The jury returned a verdict in favor of plaintiff on her FLSA, NYLL, and assault claims.[1] The district court entered judgment in plaintiff's favor in the amount of $13,950.72, of which $8,950.72 was awarded on plaintiff's FLSA and NYLL claims.

Following entry of judgment, plaintiff submitted an application for attorney's fees and costs incurred in the prosecution of her FLSA and NYLL claims, as permitted by the relevant fee-shifting provisions. Plaintiff sought $348,737.50 in attorney's fees and $82,525.45 in costs. The district court imposed a 40% across-the-board reduction of the number of hours submitted and substantially reduced the hourly rate charged by plaintiff's counsel and the amounts claimed as photocopying and online research costs. The district court awarded $42,505.50 in attorney's

---

[1] The jury found in favor of defendant Mazer on his counterclaim for assault but determined that he had not established that he was entitled to compensatory damages for that claim.

fees and $30,464.20 in costs, and directed the Clerk of Court to enter judgment accordingly. Defendants appeal that judgment.

We review a district court's decision awarding attorney's fees for abuse of discretion. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). The parties do not dispute that plaintiff, as a prevailing party, is entitled to fees and costs.

Awards of attorney's fees are generally calculated according to the "presumptively reasonable fee" method, calculated as the product of the number of hours worked and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). Defendants do not challenge the hourly rate set by the district court; rather, they focus on the number of hours claimed by plaintiff's counsel.

Defendants contend that the 40% across-the-board reduction in the number of hours imposed by the district court was insufficient and that the resulting fee award is unreasonable. Specifically, defendants challenge a number of time entries that they contend are not related to plaintiff's FLSA and NYLL claims. Defendants argue that the district court should have stricken these entries. A district court, however, need not "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Rather, in dealing with items that are "excessive, redundant, or otherwise unnecessary, . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citations and internal quotation marks omitted). The district court, in imposing a 40% reduction in plaintiff's counsel's hours—a

reduction which we deem to be reasonable under the circumstances—acted well within its discretion in awarding attorney's fees.

Defendants next challenge the district court's award of costs. Specifically, defendants argue that plaintiff failed to provide adequate information supporting her requests for costs incurred for trial and deposition transcripts, photocopying, and online research. As with attorney's fees, however, a court need not conduct an individual review of each item presented in an application for costs. Rather, when items are insufficiently itemized or not supported by an explanation as to why such expenditures were necessary, the court may reduce the total amount awarded based on the court's estimate of those expenditures, *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Co.*, 95 F.3d 153, 173 (2d Cir. 1996), as the district court did here. The court reduced the costs incurred in conducting online research by approximately 90% and costs incurred for photocopying by approximately 80%. These reductions resulted in an award of costs representing a 63% reduction from the total amount of costs sought by plaintiff. We find this reduction, and the total amount of costs awarded, to be reasonable. Defendants have provided us no basis on which to conclude that the district court erred in finding plaintiff's request for transcript costs to be reasonable. Defendants have failed to establish that the district court exceeded the bounds of its discretion in awarding costs to plaintiff.

4

A review of the record leads us to conclude that defendants have not established that the district court committed reversible error in awarding attorney's fees and costs.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk