Gus **GAGASOULES, Jan Niblett, Luster Cote, Inc., Rhonda Garner, and Décor Specialties, Inc., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

v.

**MBF LEASING LLC, Defendant.**

No. 08–CV–2409 (ADS)(ARL).

United States District Court, E.D. New York.

Nov. 8, 2013.

Chittur & Associates, P.C., by: Krishnan Shanker Chittur, Esq., of Counsel, Hanley Conroy Bierstein Sheridan Fisher & Hayes LLP, by: Mitchell M. Breit, Esq., of Counsel, New York, NY, Klafter Olsen & Lesser LLP, by: Seth R. Lesser, Esq., of Counsel, Rye Brook, NY, The Law Office of Keith Altman, by: Keith Altman, Esq., of Counsel, Temecula, CA, for Plaintiffs.

Moses & Singer LLP, New York, NY, by: Jennifer Patricia Nigro, Esq., John Vincent Baranello, Esq., Robert D. Lillienstein, Esq., of Counsel, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a renewed application by the Defendant MBF Leasing, LLC (the "Defendant") for attorneys' fees and costs in connection to the Court's previous order sanctioning the Plaintiff Jan Niblett ("Niblett") and his company Luster Cote, Inc. ("Luster Cote"). For the reasons that follow, the Court grants the Defendant's application, but in its discretion, reduces the award requested by forty percent.

## I. BACKGROUND

On June 13, 2008, Gus Gagasoules ("Gagasoules"), Niblett, Luster Cote, Rhonda Garner ("Garner") and Garner's company, Decor Specialties, Inc. ("Décor Specialties," and, collectively, the "Plaintiffs"), commenced this action on behalf of themselves and a putative class against the Defendant. The Complaint set forth sixteen wide-ranging causes of action based on equipment finance leases that the Plaintiffs entered into with the Defendant. On February 2, 2009, the Court dismissed all but one of the Plaintiffs' claims. The remaining claim alleged that the Defendant breached the contracts at issue "[b]y charging and collecting sums in excess of those specified in the first page of the Form Lease, and by imposing undisclosed amounts towards alleged taxes and insurance coverage[.]" (Original Compl., ¶ 166.)

Thereafter, on September 29, 2012, the Court dismissed the Plaintiffs' case without prejudice for lack of subject matter jurisdiction. Also on September 29, 2012, the Court granted the Defendant's motion for sanctions against Niblett and Luster Cote pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(d). In this regard, the Court held:

> [T]he Defendant is entitled to recover reasonable attorney's fees and costs incurred in connection with time spent scheduling and attending the [December 17, 2010 and February 23, 2011] depositions of Niblett and Luster Cote [as they had failed to attend]. In addition, the Defendant is entitled to recover reasonable attorney's and costs associated with the portion of the motion for sanctions relating to sanctions against Niblett and Luster Cote for failure to appear at their depositions pursuant to Rule 37(d).

*Gagasoules v. MBF Leasing LLC,* 286 F.R.D. 205, 216 (E.D.N.Y.2012) (Spatt, J.). The Court directed the Defendant to submit an application for attorneys' fees and costs

consistent with the Court's decision. *Id.* at 220. On October 23, 2012, the Defendant filed its application, in compliance with the Court's September 29, 2012 order. In its application, the Defendant requested that Niblett and Luster Cote, jointly and severally, pay the Defendant the sum of $23,370.07 as a sanction pursuant to Fed.R.Civ.P. 37(d).

On April 24, 2013, the Court issued an order denying the Defendant's application for attorneys' fees and costs without prejudice with leave to file a revised application for attorneys' fees and costs consistent with the Court's decision, particularly with respect to (1) the reasonable hourly rate and (2) the reasonable number of hours expended. In this regard, the Court rejected the hourly rates provided by the Defendant and determined that the following hourly rates were reasonable in this case: (1) for Arnold N. Bressler, Esq. ("Bressler") and Abraham Y. Skoff, Esq. ("Skoff"), as partners with 25 to 35 years of experience, $350 an hour; (2) for Robert D. Lillienstein, Esq. ("Lillienstein"), as counsel with 20 years of experience, $300 an hour; (3) for Osato F. Chitou, Esq. ("Chitou"), as a summer associate, $100 an hour; and (4) for Jennifer Nigro ("Nigro"), as an associate whose biographical information concerning her years of experience the Defendant failed to provide, $150 an hour. *See Gagasoules v. MBF Leasing LLC,* No. 08–CV–2409 (ADS)(ARL), 2013 WL 1760134, at *4 (E.D.N.Y. Apr. 24, 2013) (Spatt, J.).

In addition, the Court determined that the Defendant had included hours for tasks relating to issues that went beyond those which the Court found to be sanctionable. In this regard, the Court noted that the scope of the September 29, 2012 Order only awarded the Defendant attorney's fees and costs associated with (1) time spent scheduling and attending the depositions of Niblett and Luster Cote scheduled for December 17, 2010 and February 23, 2011 and (2) the portion of the Defendant's motion for sanctions relating to sanctions against Niblett and Luster Cote for their failure to appear at the abovementioned depositions pursuant to Fed.R.Civ.P. 37(d). *See Gagasoules,* 2013 WL 1760134, at *6.

On May 6, 2013, the Defendant filed a second application for attorneys' fees and costs, which is now presently pending before the Court. In its second application, the Defendant seeks an order by the Court directing Niblett and Luster Cote, jointly and severally, to pay the Defendant the sum of $6,541.10 for 45.6 billable hours as a sanction pursuant to Fed.R.Civ.P. 37(d). The Defendant asserts that the hourly rates used are the ones the Court previously found to be reasonable and that it limited the hours to the scope articulated by the Court in the April 24, 2013 Order. Nevertheless, Niblett and Luster Cote oppose the Defendant's renewed application. The Defendant did not reply to Niblett and Luster Cote's Opposition.

## II. DISCUSSION

### A. *Legal Standard*

When, as here, a party has been sanctioned pursuant to Fed.R.Civ.P. 37(d) for failure to attend its own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). In this case, the Court sanctioned Niblett and Luster Cote, but not their counsel, for their failure to attend the December 17, 2010 and February 23, 2011 depositions.

 "Attorneys' fees are determined in th[e] [Second Circuit] by reference to the 'presumptively reasonable fee,' *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2008) [ ("hereinafter *Arbor Hill* "), which 'boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively,' *Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174 (2d Cir.2009)[.]" *Konits v. Karahalis,* 409 Fed.Appx. 418, 422 (2d Cir.2011). In determining a "presumptively reasonable fee," district courts should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees

in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Thus, in order to reach the presumptively reasonable fee, the court must assess "case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended by counsel. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir.2010).

■ Case-specific considerations include, among others, the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *See Konits*, 409 Fed.Appx. at 422 (citing *Arbor Hill*, 522 F.3d at 190). Those factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorney; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. However, "[t]he most critical factor in the district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." *Barfield v. N.Y. City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir.2008) (internal quotation marks and citation omitted).

In addition, according to the Second Circuit, the "reasonable hourly rate is the rate a paying client would be willing to pay." *Id.; see McDaniel*, 595 F.3d at 420 (noting that a presumptively reasonable fee represents an approximation of "what a competitive market would bear"). Thus, "the presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably expended litigating the case." *Joe Hand Promotions, Inc. v. Martinez*, No. 07 Civ. 6907, 2008 WL 4619855, at *7

(S.D.N.Y. Oct. 17, 2008); *see Finkel v. Omega Commc'n Servs., Inc.*, 543 F.Supp.2d 156, 164 (E.D.N.Y.2008) (citing *Arbor Hill*, 522 F.3d at 189) (noting that the "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours.").

## B. The Defendant's Renewed Application for Attorneys' Fees

■ The only issue with respect to the Defendant's renewed application for attorney's fees is whether the Defendant has reasonably calculated the number of hours expended.

■ As discussed in the Court's previous decision of April 24, 2013, "[i]n calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992) (internal quotation marks and citation omitted). A plaintiff must show contemporaneous time records, detailing, "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983); *see Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir.1998).

There are two elements to this mandated record keeping: time and content. As to time: The records must be made contemporaneously, which is to say, while the work is being done or, more likely, immediately thereafter. Descriptions of work recollected in tranquility days or weeks later will not do. As to content: The records must be specific and detailed.

*Handschu v. Special Servs. Div.*, 727 F.Supp.2d 239, 249 (S.D.N.Y.2010).

■ Further, the Court must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "If the court determines that the number of hours expended was excessive,

redundant or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction." *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08 Civ. 1229, 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (internal quotation marks and citation omitted). "The Court is not, however, required to set forth item-by-item findings concerning what may be countless objections to individual billing items." *Regan*, 768 F.Supp.2d at 418.

In this case, Niblett and Luster Cote argue that the Court should deny the Defendant's application for attorneys' fees because the "Defendant's request is … wildly exaggerated, way beyond what this Court permitted, and unsupported by reliable documentation called for by this Court." (Niblett and Luster Cote Opp., pg. 2.) According to Niblett and Luster Cote, the Defendant has offered a speculative estimate of the number of hours spent and has failed to comply with the Court's April 24, 2013 Order in that it has still included hours in its calculation for tasks falling outside the scope of the Court's September 29, 2012 and April 24, 2013 Orders.

As an initial matter, to the extent Niblett and Luster Cote argue that the Defendant has not presented contemporaneous and detailed time-sheets to support the number of hours for which it seeks to be compensated, the Court notes that it has previously determined that the Defendant's method of documenting the hours was sufficient. *Gagasoules v. MBF Leasing LLC*, No. 08–CV–2409 (ADS)(ARL), 2013 WL 1760134, at *6 (E.D.N.Y. Apr. 24, 2013) (Spatt, J.) (citing *Cruz v. Local Union No. 3 of Intern. Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994); *David v. Sullivan*, 777 F.Supp. 212, 223 (E.D.N.Y.1991)). Therefore, the Court declines to revisit this issue and finds the submission of the Defendant reflects a proper computerized listing of contemporaneous time records.

Nevertheless, although the method of documenting the hours was sufficient, the Court finds that there are other issues with the Defendant's application. While the Court reiterates that it "is not required to 'set forth item-by-item findings concerning what may be countless objections to individual billing items,'" *Siracuse v. Program for the Dev. of Human Potential*, No. 07 CV 2205 CLP, 2012 WL 1624291, at *26 (E.D.N.Y. Apr. 30, 2012) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994)), a review of the Defendant's spreadsheet reveals that several of the time entries are vague and intertwined with time spent working on issues not covered by the Court's prior orders. Moreover, the Defendant has apparently still included hours for tasks relating to issues that are beyond (1) the time spent scheduling and attending the depositions of Niblett and Luster Cote scheduled for December 17, 2010 and February 23, 2011 and (2) the portion of the Defendant's motion for sanction relating to sanctions against Niblett and Luster Cote for their failure to appear at the abovementioned depositions pursuant to Fed.R.Civ.P. 37(d). These unrelated tasks appear to include preparing for the depositions, which the Court specifically excluded from compensation in the April 24, 2013 Order. *See Gagasoules*, 2013 WL 1760134, at *7.

However, "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (citing *New York State Ass'n for Retarded Children*, 711 F.2d at 1146); *see also Francois v. Mazer*, 523 Fed.Appx. 28, 29 (2d Cir.2013) ("The district court, in imposing a 40% reduction in plaintiff's counsel's hours—a reduction which we deem to be reasonable under the circumstances—acted well within its discretion in awarding attorney's fees."); *Ritchie v. Gano*, 756 F.Supp.2d 581, 583 (S.D.N.Y.2010) (reducing the attorneys' fees award by forty percent and holding that "[i]n the instance where a court has directed parties to parse out records to clearly state how much time the attorneys spent on each claim, and the parties have done so insufficiently and have referred to an unrealistic volume of hours as 'inextricably intertwined' with many claims, the court may also decrease the requested award amount"); *DeVito v. Hempstead China Shop, Inc.*, 831

F.Supp. 1037, 1045 (E.D.N.Y.1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

Accordingly, in its discretion, the Court reduces the Defendant's request for an award of attorneys' fees in the amount of $6,541.10 by forty percent, for a total sanction award of $3,924.66. Niblett and Luster Cote, jointly and severally, are directed to pay the Defendant this sanction award within thirty days of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the Defendant's application for attorneys' fees and costs is granted, but the amount of the award it seeks, $6,541.10, is reduced by forty percent, for a total award of $3,924.66. Niblett and Luster Cote, jointly and severally, are directed to pay the Defendant the $3,924.66 sanction award within thirty days of the date of this Order.

**SO ORDERED.**